The next case is number 221313, Cynthia Foss v. Eastern States Exposition. At this time, would Attorney Keenan please introduce himself and his party on the record? Just hold on one second while we let these people come in. Okay, thanks for your patience. Go ahead. Good morning, and may it please the Court, Gregory Keenan appearing on behalf of Appellant Foss. I'd like to reserve two minutes if I may. You may. Thank you. This appeal involves the intersection of, one, the Copyright Act's Section 411A registration requirement, and, two, the Second Restatement's alternative determinations exception to res judicata, found in Section 20, Comment E of the Restatement Second of Judgment. The Restatement explains that the alternative determinations exception to res judicata holds that a dismissal may be based on two or more determinations, where at least one of those determinations standing alone would not bar another action of the same claim in such a case where there hasn't been an appeal of that issue, where the judgment is one rendered by a court of first instance, that should not operate as a bar. Applying the Restatement's rule is of particular importance here in the copyright context regarding Section 411A. That's because the Copyright Act makes clear in Section 411A that no civil action for infringement of copyright in any U.S. work shall be instituted until registration has been made. Thus, the question is whether a court can, one, resolve the merits of a copyright claim while simultaneously saying that the claim failed to satisfy Section 411's registration requirement, a section that commands that a copyright action shall not even begin to be instituted until the registration occurs. Below, the District Court dismissed Appellant's copyright claims, deciding that its previous dismissal of the copyright claims for failure to satisfy Section 411A in the previous 125 action had preclusive effect. We argue that in light of Fourth Estate's clarification that Section 411A is akin to an administrative exhaustion requirement, that such a holding is not on the merits. And also, even if there were merits determinations in the 125 action dismissal, that in light of the Restatement's alternative determinations exception, it should not have had preclusive effect here. Accordingly, we respectfully ask this Court to reverse and remand the Res judicata dismissal below. In light of Section 411A of the U.S. Copyright Act, and in light of the Restatement's alternative determinations exception to Res judicata. Importantly, and we briefed this, it appears to us that whether or not this Court applies the Restatement's alternative determinations exception to the issue of claim preclusion appears to be an open question. But the other Circuit Courts that have considered the matter have formed a consensus in applying the alternative determinations exception to Res judicata, the Fourth, Sixth, and Ninth Circuits. We also note that this Circuit has referred to the Second Restatement as the preeminent authority on preemption, and that this Circuit, in construing Massachusetts preclusion law, has adopted the alternative determinations exception of the Restatement as the issue preclusion found in Section 27 of the Second Restatement on judgment. In light of the Supreme Court's clarification that Section 411A dismissals and the Section 411A requirement is akin to an administrative exhaustion requirement, we think that this Court's Piznoy discussion of the matter is instructive. In Piznoy, this Court explained that dismissal for failure to satisfy a precondition to suit should not bar a subsequent suit where the defect has been cured. Here, the 125 action dismissed Ms. Foss' copyright claims for a number of reasons, one of which was failure to satisfy Section 411A's registration requirement. Subsequently, she came back, alleged registration for the work, identified the work, cured the 411A problem, and so we would argue that it was improper for the District Court, though understandable, but improper for them to have barred the copyright claims after the defect had been cured by reliance on res judicata. What's the significance of the multiple failures to cure when opportunity was given to cure? So there are definitely a lot of moving parts. The first motion to dismiss filed by defendant was on 411A, failure to allege registration. The District Court dismissed it without prejudice. The crux of the matter seems to be whether or not the 125 action has preclusive effect. The problem was that the District Court dismissed or gave leave to amend to cure the perceived defect, which was the lack of allegation of registration. Ms. Foss came back and did provide a copyright registration. Defendant filed a motion to dismiss saying that, amongst other things, she had failed to nevertheless allege registration. That wasn't responded to, and so the District Court adopted all the positions. We don't think that she – I know the other side argued that she was defying orders. I actually think if you closely examine the history, she was trying to comply. One of the difficulties – Let me just – just taking away from – abstracting from this case just for a moment. Suppose we had a case just very similar to this one in which first complaints filed. District Court says, well, you didn't allege that you applied for registration, so I'm going to dismiss but without prejudice with leave to amend. They then file new complaint, new complaint, again just clearly doesn't allege it. Sure. District Court says, okay, well, dismissed. Right. What you're saying, even in that circumstance, as long as it was – that was one of the grounds and then the other two grounds are no originality, et cetera. I understand the concern, yeah. It's kind of a Sisyphusian problem where it just keeps coming back. So one thing is that if a defendant finds himself in that situation, I think the rational response would be to stop asserting the 411A defect and go for the merits. So that would actually, I think, get us out of the infinite loop problem. That's kind of – I mean, it's an odd situation where they have to forfeit a potentially absolutely knocked down dead winner of an argument. In the alternative, I think there are other things that the court could do. Like what? So, for example, I do think there are at a certain point inherent powers of the court to be able to enjoin certain people from engaging in such behavior. I don't think that was the example. So your thought is it would be different if there was a sanction of dismissal for failure to do it or something like that. That might have preclusive effect, but so long as the ground is simply no allegation of registration, then the fact that it followed an opportunity to cure that wasn't taken up is just irrelevant. Well, I do just want to stress that in this situation she did try to comply. But even in my case, you would say that if there was an opportunity to leave to amend dismissal without prejudice on that basis, come back, didn't do it, didn't try. Even then, as long as the dismissal is failure to allege registration plus two merits, same rule you're asking us to adopt would apply in that case too. I do think that – if I could quickly answer. Yes, the alternative to termination is exception. The only way out of that then is if the district court wants to make a sanctions-based dismissal or something like that. I also think there are pragmatic considerations. Most people struggling with this are pretty cash-strapped. I mean, even the cost of refiling the case would actually create a transaction cost. But I do think there are other means of discouraging that type of behavior, such as availability of fees and cost-shifting, et cetera. But I don't think it's a – I understand the concern. I'm just not sure we need to distort the nature of a 411 defense or avoid the restatements alternative to termination exception to deal with it. Okay, thank you.  Thank you, counsel. At this time, would Attorney Duda please introduce himself on the record to begin? Members of the panel, may it please the Court, I am James Duda, attorney for Appali, Eastern States Exposition. Going to Judge Barron's point, I think this case does concern the extent to which a district court can control its docket to limit abuses of its processes and failures to comply with its directives. Specifically, we have before us can a claim that a district court has twice dismissed without prejudice, then with warning dismissed with prejudice, in an order of dismissal which order was not appealed, in response to a motion for dismissal with prejudice which was not opposed, nonetheless be brought again in the same court by the same party against the same defendant. In this case, the plaintiff initiated her cause of action against Eastern States in January 2018, about five years ago. She filed her initial complaint alleging copyright infringement. Defendants moved for dismissal because she did not identify the work that was at issue and she did not allege, I mean, she did not allege registration or refusal of registration at that work and thus, frankly, the defendants did not know what work was at issue. On June 27, 2018, the district court ordered a dismissal. That was without prejudice. That was the first dismissal. Two weeks after dismissal from the district court, the plaintiff files in state court the same claim for copyright infringement and she adds state law claims to it. We at Eastern States removed the case back to district court and on March 2019, nearly four years ago. I think we know the history, but just to give an example, maybe this would help me. Take the case in which you file the claim you didn't allege application for registration. Judge dismisses. In response to the dismiss, you say, well, I'd like leave to amend and judge says, too late, you should have asked earlier. Same answer? Is this the first filing? First filing, but there was not a motion for leave to amend timely made. So the district court says, tough luck. Same answer, right? It may be some extraordinary relief, but you go back to the district court. If it was a mistake or an error, I missed a filing, but certainly my alternative is to come to you. There's an appeal if I think that the district court was wrong, because in essence, I think what you're having is a little bit like the case of Cortez-Ramos, which you already decided, which was the first time, you know, you're going to give the plaintiff a chance, but fail to allege registration. I think, Cortez, you indicated that the district court should dismiss without prejudice. We didn't have the preclusion issue, though.  Right. So that's what I'm asking. You're saying here, in the case I just posited, are you saying even in that case, it would be preclusive? I'm sorry, Your Honor, I think I misunderstand your hypothetical. Could you restate it? Yeah, you're emphasizing here that there was an opportunity for leave to amend that was not taken up. Yes. And so you say it's abusive to keep filing when you had the chance to amend and you didn't do it. Yeah. I also want to point out that she had two chances to amend. Okay. Now I'm just taking a pure case. Okay. Initial filing, no allegation of application for registration. Right. Dismissed. I then move for leave to amend to the district court. District court says, too late. You should have made your leave to amend. Some other time, you did it too. There's no good reason for it. You could have made this allegation, et cetera. Okay. In that instance, is that ruling preclusive? It would appear to me that, you know, this is a question maybe under Rule 83B or 41B, but is that within the court's discretion to manage its docket? And so you would say same answer. I think, as I understand your question, yes, the same answer. The court gets to manage its docket. Yes. Then could you just address Piznoy and how is what you're saying in accord with Piznoy? I'm sorry. Piznoy, I'm not familiar with, Your Honor. Piznoy is our case saying that usually preconditions to suit rulings are not preclusive. Oh, I'm sorry, Your Honor. Yes. Well, because this – I don't know about that situation, the hypothetical that you presented, but this situation is not that because we have – it's not just a failure to satisfy precondition to suit. We had one dismissal without prejudice, a chance to amend, a second dismissal without prejudice, and then a specific opportunity to amend. But I guess you're just – if I'm following, appellant says if the district court wants to make it clear that it is dismissing the suit based on docket management concerns, it can do that. But here the record doesn't indicate it did that. It just says that the reason I'm dismissing is because there was no allegation of an application to register. So how do we treat that as based on docket management concerns? It's the predicate for a docket management ruling might have been there, but what's the evidence the district court made that ruling? Because when it issued the second dismissal without prejudice, it warned the plaintiff. Yes. The court specifically said, if you do not come back and amend, specifically stated what was needed to be done, we are going to dismiss with prejudice. The plaintiff did not do that. We moved for dismissal with prejudice, which was not opposed, and the court, consistent with its prior warning, which would be consistent under Rule 83B, dismissed with prejudice, just as it was. But I guess it still just begs the question of what does that mean for purposes of preclusion purposes? In other words, that action is now dismissed with prejudice. I guess I just, does that mean it's preclusive? What supports that conclusion? It's still a precondition to the suit basis. It's not a sanction. Well, I think in the context of this case, it is, Your Honor, it is the court had said, I'm going to dismiss this case with prejudice if you do not do this. I mean, I think the court went through an awful lot in this case, and at this point, the court is saying this is what you need to do. If you don't do this, I'm going to dismiss with prejudice. That is controlling its docket under 83B or it's 41B as a court order, essentially. This is not, as appellants argue, akin to a jurisdictional argument. This is akin to a failure to obey a court's order. It's akin to failure to prosecute. This case went on and on and on, and the plaintiff, with counsel, as it turns out, knew what he needed to do and did not do that, and instead waited a year and a half to come and file a fourth complaint. I'm saying, Your Honor, in the circumstances of this case, it is simply the district court managing its docket and dismissing with prejudice after forewarning the plaintiff what it was going to do expressly and explicitly. And furthermore, if there was any, at that point, if the judge is wrong, I guess there's just two different things. There's the question of whether what the district court was saying is, I'm not going to give you another chance to amend. I think that is what the court said at the third dismissal. But that doesn't necessarily change the character of the dismissal from being a dismissal of a failure to make a precondition, which then just raises the prisoner question of, can such a dismissal ever be preclusive? Well, I think that's a different question, Your Honor. I think that whether a dismissal for failure to plead can ever be the basis with prejudice in the abstract is a different question than what's here, because the court did forewarn the plaintiff. And when the court said in the decision dismissing with prejudice, it referred to the prior dismissal and said the plaintiff failed to register a copyright. I mean, perhaps the court could have been more, gone on at greater length, but if you just look at what the court had said in the prior dismissal, it said if you don't do that, I'm going to dismiss with prejudice. And the court was just following through on what it said. And this plaintiff had been before it on the fourth complaint. I'll just try it one more time. I just don't think you're quite responding to my question. I'm sorry. One ground for dismissal is abusive process. Yes. And I'm treating it as default. Now we're not relying on failure to meet a precondition. I'm now dismissing your case because you abused the process. That ruling may well be preclusive. Yes. That is arguably distinct from a situation in which the district court is saying, I'm giving you no more chances to amend, to cure, the failure to apply for registration. Therefore, the dismissal is final, and I'm dismissing because you did not meet a pre-suit condition. The question is, in that circumstance, doesn't Piznoy apply because the ground for dismissal is failure to meet a precondition to suit, which can't be preclusive? Do you see the difference? As you presented, yes, somewhat, but I still do believe that in that scenario, that sort of pure scenario, if the plaintiff has been given fair warning as to what the consequence is going to be, as failure to meet whatever pre-registration requirement. If they're given fair warning, and again, with Cortez Ramos in mind, a chance to fix it. You've got a chance to fix it. You've got fair warning, and you don't do it, then the court is just managing its docket. I think that is correct. Thank you. Thank you. Thank you, counsel. At this time, Attorney Keenan, please reintroduce yourself on the record. You have a two-minute rebuttal. Thank you. To respond to Your Honor's question, I do think Piznoy does apply, and that there remains a distinction between a 411A failure to satisfy an administrative exhaustion requirement. I do understand the incredible patience of the district court. We had a plaintiff who was trying to comply with a fairly esoteric aspect of what, mid-litigation, the Supreme Court resolved, an ongoing decades-long circuit split about how to interpret 411A, and that the registration in the record, the effective date does appear to indicate that she had filed her application prior to many of the litigations. And so prior to the clarification about what the actual interpretation of 411A was, she had arguably already complied with it. She just hadn't managed to allege that, and then the Supreme Court clarified that the decision rule, not the application rule, was appropriate. I think the district court did have incredible patience, but I disagree that he was doing a sub salenti of sanction or, you know, dismissing the case for an abusive process, which would certainly be one way to deal with the parade of horribles or the sisyphusian concern of someone who just keeps coming back. I think he was pretty expressive about why he dismissed. He said it was a failure to satisfy 411A. And so in light of that, I do think Piznoy is in life, and I don't think the very long litigation history changes the nature of administrative exhaustion requirement. So with that, thank you very much. Thank you. Thank you, counsel. That concludes the argument in this case.